**Laures KLEINWACHTER, individually and Laures Kleinwachter, as parent and natural guardian of James Kleinwachter and Jeffrey Kleinwachter, deceased, Appellants,**

v.

**TIME INSURANCE COMPANY, Respondents.**

No. 50903.

Supreme Court of Minnesota.

Feb. 20, 1981.

Grathwol & Oberhauser and Robert K. Randall, Wayzata, for appellants.

Myhre Drenckhahn & Williams and Michael D. Williams, Warren, for respondents.

SHERAN, Chief Justice.

Plaintiff brought this action against defendant, who had furnished him an individual health and accident policy, to recover medical and hospital expenses incurred by plaintiff following an automobile accident on May 1, 1977, in which he and his minor sons were seriously injured. He appeals from a summary judgment dismissing the action with prejudice.

Treatment of the injuries sustained by plaintiff and his sons resulted in medical and hospital expenses of over $100,000, all of which were paid by the automobile liability insurer from whom plaintiff had obtained a no-fault automobile insurance policy. The policy furnished by defendant also provided disability, accident, and medical coverage; but upon learning of the no-fault coverage, defendant pursuant to a policy provision set forth below paid 41% of the expenses covered by its policy and refunded to plaintiff 59% of the premium he had paid for the year 1977. Its refusal to pay the balance of the expenses led to this action. Upon the parties' motions for summary judgment, the lower court determined that defendant was entitled to apply its policy provision, a conclusion with which we agree.

The policy provision in question provides: INSURANCE WITH OTHER INSURERS: If there is other valid coverage, not with this Company, providing benefits for the same loss on a provision of service basis or on an expense incurred basis and of which this Company has not been given written notice prior to the occurrence or commencement of loss, the only liability under any expense incurred coverage of this policy shall be for such proportion of the loss as the amount which would otherwise have been payable hereunder plus the total of the like amounts under all such other valid coverages, for such loss, of which this Company had notice bears to the total like amounts under all valid coverages for such loss, and for the return of such portion of the premiums paid as shall exceed the pro rata portion for the amount so determined. . . . Other valid coverage shall include group insurance, automobile no-fault payments, or other coverage provided by hospital or medical service organizations or by union welfare plans or employer or employee

benefit organizations subject to regulation by insurance law or by insurance authorities of the United States. . . .

The provision is in effect the "INSURANCE WITH OTHER INSURERS" contained in Minn.Stat. § 62A.04, subd. 3(4) (1980), includible in health and accident policies at the option of the insurer.[1]

This statute was enacted in 1967. Act of May 11, 1967, ch. 395, art. III, § 4, subd. 3(4), 1967 Minn.Laws 587, 728. Plaintiff claims that it is in conflict with Minn.Stat. § 65B.61, subd. 4 (1978), which provided:

Notwithstanding subdivision 3, no entity may coordinate benefits unless it provides those persons who purchase benefits from it with an equitable reduction or savings in the direct or indirect cost of the purchased benefits. If the benefits to be coordinated are provided to an individual through a group, program, contract or other arrangement for which another person pays in whole or in part, the entity coordinating benefits shall return to the individual or use for his benefit any reduction or savings in the direct or indirect cost of the benefits.

This provision was first enacted in 1974 as part of the Minnesota No-Fault Automobile Insurance Act, ch. 408, § 21, 1974 Minn. Laws 762, 780.

Plaintiff's position is that section 65B.61, subd. 4 (1978) applies to individual health and accident policies and that defendant therefore cannot rely on the policy provision authorized by section 62A.04, subd. 3(4) (1980). Plaintiff further argues that defendant cannot avail itself of section 65B.61, subd. 4 (1978) to coordinate benefits because it had never reduced the premium charged him prior to the accident, as he interprets the statute to require, and because defendant failed to file an amendatory rider in compliance with a letter sent in November 1974 by John Ingrassia, supervisor of the life and health insurance section of the Insurance Division to "All insurance companies licensed to write accident and health insurance in Minnesota." Plaintiff urges also that an amendment of section 65B.61, subd. 3 (1978) and repeal of section 65B.61, subd. 4 (1978) by Act of May 3, 1979, ch. 57, § 2, 1979 Minn.Laws, 84, 85, is explanatory of the repealed provision and shows both that it was meant to apply to individual policies and that it did require a prior reduction of premium by the insurer who wished to coordinate benefits thereunder.

In spite of these ingenious arguments, it seems doubtful that Minn.Stat. § 65B.61, subd. 4 (1978) was in fact intended to apply to individual health and accident policies in view of the language in the second sentence of that provision. Moreover, although administrative interpretations of the statute would not be controlling in any event, plaintiff's contention that Ingrassia's letter supports his interpretation of the provision seems untenable because the content of the letter appears to be directed only to insurers furnishing group health and accident policies. A more recent letter from an investigator for the Insurance Division interprets section 65B.61 as not applicable to individual policies.

In any event, even if it be assumed that Minn.Stat. § 65B.61 (1978) permits an insurer furnishing an individual health and accident policy to coordinate benefits, the provi-

---

1. Minn.Stat. § 62A.04, subd. 3(4) (1980) provides:

INSURANCE WITH OTHER INSURERS: If there be other valid coverage, not with this insurer, providing benefits for the same loss on a provision of service basis or on an expense incurred basis and of which this insurer has not been given written notice prior to the occurrence or commencement of loss, the only liability under any expense incurred coverage of this policy shall be for such proportion of the loss as the amount which would otherwise have been payable hereun-

der plus the total of the like amounts under all such other valid coverages for the same loss of which this insurer had notice bears to the total like amounts under all valid coverages for such loss, and for the return of such portion of the premiums paid as shall exceed the pro-rata portion for the amount so determined. For the purpose of applying this provision when other coverage is on a provision of service basis, the "like amount" of such other coverage shall be taken as the amount which the services rendered would have cost in the absence of such coverage.

sion does not require that an insurer do so. *See Wallace v. Tri-State Insurance Co.,* 302 N.W.2d 337 (Minn.1980). There is no evidence that the legislature intended the option of coordinating benefits, if not exercised, to affect the insurer's right to prorate under section 62A.04, subd. 3(4) (1980), nor do we find grounds in equity or public policy to invalidate the proration provision. The policy plaintiff purchased contained the provision, and the premium charged for the policy as written, which presumably took it into account, was approved by the Commissioner of Insurance. The provision was expressly authorized by the legislature and has been permitted for a considerable period of time, facts which persuade us that the provision is not inimical to public policy. Plaintiff's objection that it is somehow unfair to permit defendant to rebate a portion of the premium only after it has chosen to prorate its coverage with that furnished by other insurers does not in our view establish that it is unfair since it is clear that defendant could not know in advance of an event giving rise to the right of proration what its liability would be and how much of the premium it would be required to rebate.

We conclude that defendant has discharged its obligation to plaintiff under his policy.

Affirmed.